# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Denise A. Carr, | Case No. 1:18cv1789 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| | Magistrate Judge Thomas M. Parker |
| Andrew Saul, Commissioner of Social Security[1] | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter is before the Court on the Objections of Plaintiff Denise A. Carr ("Plaintiff" or "Carr") to the Report and Recommendation of Magistrate Judge Thomas M. Parker regarding Plaintiff's request for judicial review of Defendant Commissioner of the Social Security Administration's ("Defendant" or "Commissioner") denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. (Doc. No. 18.) For the reasons that follow, Plaintiff's Objections are overruled, the Report & Recommendation ("R&R") is accepted, and the Commissioner's decision is affirmed.

## I.   Background

In May 2015, Plaintiff filed her applications for DIB and SSI, alleging a disability onset date of March 27, 2015. (Doc. No. 10 (Transcript ["Tr."]) at 11.) The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

("ALJ"). (*Id.*) On August 11, 2017, the ALJ conducted a hearing at which Plaintiff was represented by counsel and testified. (*Id.*) A vocational expert ("VE") also testified. (*Id.*) On December 28, 2017, the ALJ found Plaintiff was not disabled. (Tr. 11-22.) The Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision. Plaintiff seeks judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. No. 1.)

The case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1) for a Report and Recommendation. The R & R concludes that there was substantial evidence supporting the ALJ's decision and recommends that the decision be affirmed. Plaintiff filed Objections to the R & R, to which the Commissioner responded. (Doc. Nos. 18, 19.)

Plaintiff raises one specific objection to the R & R, i.e., that the Magistrate Judge improperly concluded that the ALJ followed the law in evaluating Plaintiff's symptoms and credibility in accordance with SSR 16-3p. (Doc. No. 18.) The Court has conducted a *de novo* review of the issues raised in Plaintiff's Objections.

**II.   Analysis**

    **A.   Standard of Review**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926 at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted); *Orr v. Kelly*, 2015 WL 5316216 at *2 (N.D. Ohio Sept. 11, 2015) (citing *Powell,* 1994 WL 532926 at *1). *See also* Fed. R. Civ. P.

72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

Under the Social Security Act, a disability renders the claimant unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment that can result in death or that can last at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). Consideration of disability claims follows a five-step review process.[2] 20 C.F.R. § 404.1520.

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 Fed. Appx. 516, 521 (6th

---

[2] Under this five step review, the claimant must first demonstrate that she is not currently engaged in "substantial gainful activity" at the time of the disability application. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Second, the claimant must show that she suffers from a "severe impairment" in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) and 416.920(c). A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets or medically equals a required listing under 20 CFR Part 404, Subpart P, Appendix 1, the claimant is presumed to be disabled regardless of age, education or work experience. *See* 20 C.F.R. §§ 404.1520(d) and 416.920(d). Before considering step four, the ALJ must determine the claimant's residual functional capacity; i.e., the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from his/her impairments. 20 C.F.R. § 404.1520(e) and 416.930(e). At the fourth step, if the claimant's impairment or combination of impairments does not prevent her from doing her past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) and 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c), and 416.920(g). *See Abbot*, 905 F.2d at 923.

Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)).

If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Moreover, the Commissioner's decision must be affirmed even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

**B.     Plaintiff's Objection to the R&R[3]**

In her Objection, Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ applied the proper legal analysis when considering her subjective symptom complaints. (Doc. No. 18 at 2.) She maintains that the ALJ limited his evaluation to the consistency of Plaintiff's statements with the objective medical evidence, and failed to also consider the seven specific factors identified in Social Security Ruling ("SSR") 16-3p. (*Id.* at 3) Plaintiff further asserts that the Magistrate Judge erroneously relied on *post hoc* rationalizations to affirm the ALJ's decision, arguing the R&R cites evidence that was not expressly considered by the ALJ in the context of his evaluation of her subjective symptoms. (*Id.* at 4-5.)

---

[3] The Magistrate Judge's thorough recitation of the medical and opinion evidence need not be repeated and is incorporated herein.

4

In response, the Commissioner argues Plaintiff "does not bring forth any new evidence or new arguments" and, therefore, rests on the arguments made in his Brief on the Merits. (Doc. No. 19.)

When a claimant alleges symptoms of disabling severity, an ALJ must follow a two-step process for evaluating these symptoms. *See e.g, Moore v. Comm'r of Soc. Sec.,* 573 Fed. Appx. 540, 542 (6th Cir. Aug. 5, 2014); *Massey v. Comm'r of Soc. Sec.*, 2011 WL 383254 at * 3 (6th Cir. Feb. 7, 2011). First, the ALJ must determine if there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce a claimant's symptoms. Second, the ALJ "must evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [those] symptoms limit [the claimant's] capacity for work." 20 C.F.R. § 404.1529(c)(1). *See also* SSR 16-3p, 2016 WL 1119029 (March 16, 2016).

If the claimant's allegations are not substantiated by the medical record, the ALJ must evaluate the individual's statements based on the entire case record. The evaluation of a claimant's subjective complaints rest with the ALJ. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *Rogers*, 486 F.3d at 248 (noting that "credibility determinations regarding subjective complaints rest with the ALJ"). The ALJ's findings are entitled to considerable deference and should not be discarded lightly. *See Villareal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987). Nonetheless, the ALJ's "decision must contain specific reasons for the weight given to the individual's symptoms ... and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms" SSR 16-3p, 2016 WL 1119029; *see also Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994) ("If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reason for doing so").

In evaluating a claimant's symptoms, the ALJ must look to medical evidence, statements by the claimant, other information provided by medical sources, and any other relevant evidence on the record. Beyond medical evidence, there are seven factors that the ALJ should consider. These factors are: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *See* SSR 16-3p, 2016 WL 1119029 at * 7.

Here, the ALJ acknowledged Plaintiff's complaints of musculoskeletal pain, breathing difficulties, fatigue, and chest pain. (Tr. 17-19.) After discussing the medical and opinion evidence at length (Tr. 17-20), the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; "however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 17.) In particular, the ALJ noted as follows:

> I find the claimant's statements and hearing testimony regarding the severity and limiting effects of her impairments to not be entirely consistent with the totality of the objective medical record. Left ventricular ejection fraction was 55-60 percent (normal) in August 2015. Left atrium was normal in size. (Exhibit 11F). CT of the chest in January 2016 showed no evidence of pulmonary embolism. (Exhibit 21F/l, 8). The claimant denied chest pain in February 2016. She had baseline shortness of breath and continued to smoke. (Exhibit 22F/3). In December 2016, x-ray of the claimant's chest showed faint bibasilar infiltrates. The heart was of normal size and contour, and the pulmonary vessels were within normal limits. There was no pleural effusion or pneumothorax. (Exhibit 31F/3). Musculoskeletal exam in February 2017 showed

6

> normal ROM, no edema, and no tenderness. Motor tone and strength was normal 5/5. Coordination was normal. Affect, judgment, and memory were normal. Pulmonary/chest exam included effort normal and breath sounds normal, no respiratory distress, no wheezes or rales, and no tenderness. Cardiovascular exam was also normal. (Exhibit 32F/6). The claimant's gait has been observed to be overall normal throughout the record.

(Tr. 20.)

Plaintiff argues that remand is required because, although the ALJ considered the consistency of her subjective statements with the objective medical evidence, he failed to also specifically consider the seven factors identified in SSR 16-3p. The Court finds this argument to be without merit. It is well established that an ALJ is not required to specifically consider each of the seven factors identified in SSR 16-3p so long as the ALJ shows that he considered the relevant evidence. *See, e.g., Cross v. Comm'r of Soc. Sec.*, 373 F. Supp.2d 724, 733 (N.D. Ohio 2005); *Pettigrew v. Berryhill*, 2018 WL 3104229 at * 16 (N.D. Ohio June 4, 2018); *Lewis v. Colvin*, 2016 WL 1127714 at * 4 (N.D. Ohio March 23, 2016). *See also Kornecky v. Comm'r of Soc. Sec,* 167 Fed. Appx. 496, 508 (6th Cir. Feb. 9, 2006) ("'Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts.'") (quoting *Loral Defense Systems-Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999)). Thus, the ALJ herein was not required to expressly address each of the seven factors set forth in SSR 16-3p in evaluating Plaintiff's subjective statements. Nonetheless, the Court agrees with the Magistrate Judge that, reading the decision as a whole, the ALJ did, in fact, consider most, if not all, of the relevant factors. *See Bowman v. Chater*, 132 F.3d 32 (Table), 1997 WL 764419 at * 4 (6th Cir. Nov. 26, 1997) (finding ALJ met the requirement for evaluating the claimant's symptoms by considering most, if not all, of the factors).

In addition to the objective medical evidence, the ALJ considered Plaintiff's activities of daily living, citing statements in the medical record that (1) in January 2015, Plaintiff was noted to be independent in her activities of daily living and could drive a vehicle (Tr. 17, 1269); and (2) in October 2015, Plaintiff reported she did light exercises, performed household chores including washing dishes, dusting, and cleaning the toilet, grocery shopped once per month, and occasionally drove herself to appointments. (Tr. 18, 1781.)

The ALJ also considered Plaintiff's medications and other forms of prescribed treatment. For example, the ALJ noted Plaintiff's reports that Percocet helped her shoulder and ankle pain, and that her anxiety medication was helping her to "get good sleep." (Tr. 18.) The ALJ also noted that Plaintiff had been prescribed a shower chair and a wheelchair, and had received back injections. (Tr. 16-17, 19.) Lastly, in terms of "other factors concerning the claimant's functional limitations," the ALJ noted, at several points in the decision, that Plaintiff continued to smoke despite her complaints of shortness of breath and chest pain. (Tr. 18, 19.)

In light of the above, the Court finds the ALJ did consider many of the applicable factors throughout the decision. The fact that the ALJ did not also summarize his consideration of these factors in a single paragraph is not reversible error. *See Kornecky*, 167 Fed. Appx. at 507- 508 (citing *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir.1989) (citation omitted) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result.")).

While Plaintiff urges the Court to find that the reasons given by the ALJ do not demonstrate a lack of credibility, it is not this Court's role to "reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ."

*Reynolds v. Comm'r of Soc. Sec.*, 2011 WL 1228165 at * 2 (6th Cir. April 1, 2011) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)). *See also Vance v. Comm'r of Soc. Sec.*, 2008 WL 162942 at * 6 (6th Cir. Jan. 15, 2008) (stating that "it squarely is not the duty of the district court, nor this court, to re-weigh the evidence, resolve material conflicts in testimony, or assess credibility.") The ALJ provided sufficiently specific reasons for his evaluation of Plaintiff's subjective symptoms and supported those reasons with reference to specific evidence in the record. Accordingly, Plaintiff's Objection is overruled.

### III. Conclusion

For all of the foregoing reasons, Plaintiff's Objection is overruled. The Court accepts the Magistrate Judge's Report & Recommendation, and the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

Date: August 8, 2019

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE